UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED OF OMAHA LIFE INSURANCE CO.**,

        **Plaintiff,**

  v.

**AMY K. FREEMAN,** *et al.*,

        **Defendants.**

:

:

:

Case No. 2:22-cv-1492
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This case was brought by United of Omaha Life Insurance Company as an interpleader action to determine where it should pay life insurance benefits under two insurance policies provided to Donald R. Morrison,[1] deceased. (ECF No. 1.) Defendant Shana Seufer has filed a Motion for Judgment and Dismissal (ECF No. 59) and Defendant Amy K. Freeman has filed a Motion for Summary Judgment (ECF No. 68). For the reasons set forth below, Ms. Seufer's Motion is **DENIED** and Ms. Freeman's Motion is **GRANTED**.

I.     STATEMENT OF THE FACTS

As Ms. Freeman states in her motion, "[t]he facts pertinent to this case are few and straightforward." (*See* ECF No. 68, PageID 286.) They are also largely undisputed.

Prior to his death, Mr. Morrison worked for Kinetics Noise Control, Inc.

---

[1]Mr. Morrison is unrelated to the undersigned.

Kinetics purchased life insurance policies from Omaha that covered Kinetics's employees, including Mr. Morrison. (ECF Nos. 75-1, 75-2.) Two such policies with a combined value of approximately $80,950 were in effect at the time of Mr. Morrison's death in 2021. (*Id.*; *see also* ECF No. 1-4.) –Omaha refers to these policies as "the Basic Life Policy" (policy number GLUG-AJ7D) and "the Voluntary Life Policy" (policy number GVTL-AJ7D) (collectively "the Policies"). (ECF Nos. 75-1, 75-2, respectively.) The Policies, by their terms, were effective June 1, 2011. (*Id.*)

At the time the Policies were issued, Mr. Morrison was married to Ms. Seufer. They divorced in 2016 and he did not remarry. (Freeman Decl., ECF No. 68-3, ¶ 3; ECF No. 68-5.)

Mr. Morrison had one daughter (Ms. Freeman) and no other children. Ms. Freeman is his sole heir. (The Will, ECF No. 68-4, PageID 331.)

The current dispute is over whether Mr. Morrison designated Ms. Seufer as the beneficiary under the Policies.

## II.   MOTIONS FOR SUMMARY JUDGMENT

### A.   Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). The burden then shifts to the nonmoving

party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

B.   The Interpretation of the Policies

ERISA is a comprehensive federal law regulating employee benefits. If an insurance policy is part of an employee welfare benefit plan governed by ERISA, then federal law governs, and any state law relating to that policy is preempted. 29 U.S.C. § 1144(a) ("Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56–57 (1987). ERISA requires "that [ERISA] plans be administered, and benefits be paid, in accordance

with plan documents." *Egelhoff v. Egelhoff*, 532 U.S. 141, 150 (2001); *see also* 29 U.S.C. § 1104(a)(1)(D). The Court's analysis begins and ends with the plan documents.[2]

The Policies include the capitalized term "Insured Person," but none of the documents submitted by the parties identify Mr. Morrison as an Insured Person. (*See* ECF Nos. 75-1, 75.2.) Nevertheless, Omaha, Ms. Seufer, and Ms. Freeman all agree that Mr. Morrison is an insured under the Policies.

The only evidence that purports to address Mr. Morrison's designated insurance beneficiary is a one-page document that appears to be an election form signed by Mr. Morrison and dated May 16, 2000 (hereinafter "the Election"). (Ex. C to Complaint, ECF No. 1-3, PageID 32.) The Election reads, in relevant part:

**Beneficiary Designation**

It is important that your beneficiary designation be clear so that there will be no question as to your meaning. It is also important that you name a primary and contingent beneficiary. When naming your beneficiary(ies) please indicate their full name, address, social security number, relationship, date of birth and distribution percentage. If the beneficiary is not related either by blood or by marriage, insert the words, "Not Related" next to their stated relationship. If you need assistance, contact your benefits administrator or your own legal counsel. Following are examples of the most common designations:

Primary:
- Mary J. Doe, Wife (not Mrs. John Doe).

Contingent:
- Joseph W. Doe, Son and Jane Doe, Daughter, in equal shares (50%).
- Estate of the Insured.

If you name more than one beneficiary with unequal shares, please show the amount of insurance to be paid to each beneficiary in fractional parts, for example "33% to Mary Jones, Mother, and 67% to Edith Jones, Wife."

| | Full Name | Address | SSN | Relationship | D.O.B. | % |
|---|---|---|---|---|---|---|
| Primary | Shana S. Morrison | P.o. 275 W. Jefferson oh 43162 | 291-46-XXXX | Wife | 5/24/49 | 100 |
| Contingent | Amy K. Morrison | | | Daughter | 12-17-7? | |

(*Id.*) Below this language, at the bottom, the Election instructs:

---

[2]In response to the Court's Order, Omaha submitted the Policies and additional plan documents, including the Certificates and Summaries. (ECF No. 75.)

4

> PLEASE SIGN AND RETURN THIS FORM TO KATHY JONES BY MAY 19, 2000

(*Id.*) And at the top of the page, there is a line that reads as follows:

> 5/31/2012 4:12 PM                          EFAX(S20) -> Fax Server

(*Id.*)

Ms. Seufer advances two arguments on why she is entitled to judgment as the legal beneficiary of the Policies. First, she cites to Omaha's Complaint and argues that Omaha believes her to be the primary beneficiary of the Policies. (ECF Nos. 59, 72.) However, allegations made in an unverified complaint are not admissible evidence. *See King v. Harwood*, 852 F.3d 568, 577–78 (6th Cir. 2017).

Second, she argues that the Election is dated May 31, 2012, and claims that Mr. Morrison "Did Not Fail to name a Primary Beneficiary but chose Not to Change the designation form." (ECF No. 72, PageID 371 (emphasis in original).) However, her argument ignores that the Election is dated May 16, 2000, next to Mr. Morrison's signature—more than eleven years before the effective dates of the Policies. The Election makes no reference to the Policies and the Policies make no reference to and do not incorporate the Election. While there is a line at the top of the 2000 Election dated "5/31/2012," there is no evidence about what that line means or to what it relates.[3] There is no evidence that Mr. Morrison "chose not to

---

[3] While the Court might speculate that the language "EFAX . . . Fax Server" at the top of the page reflects that the document was sent by a facsimile in 2012, there is no evidence as to whom or from whom (if anyone) this form was faxed. (Ex. C to Complaint, PageID 32.)

change the designation form" as asserted by Ms. Seufer. Looking at the plain language of the plan documents, there are no grounds on which the Court could find that Ms. Seufer is the designated beneficiary of the Policies.

Thus, as the movant, Ms. Seufer has failed to meet her burden of establishing that she is entitled to judgment in her favor.

Turning to Ms. Freeman's Motion for Summary Judgment, she argues that she is entitled to the proceeds of Mr. Morrison's life insurance policy as the beneficiary of her father's estate. (ECF No. 68, PageID 290.)

Both Policies provide for the circumstance that the insured dies without designating a beneficiary:

> If You die while insured under this provision, We will pay the **Amount of Life Insurance** shown in the **SCHEDULE**. Benefits will be paid to the beneficiary You name. If You do not name a beneficiary or if no beneficiary survives You, benefits will be paid:
> (a) to Your surviving spouse; if none, then
> (b) to Your surviving natural and/or adopted children; if none, then
> (c) to Your surviving parent(s); if none, then
> (d) to Your estate.
> Benefits will be paid equally among surviving children or surviving parents.

(ECF Nos. 75-3, PageID 430; 75-4, PageID 482.)

There is no evidence that Mr. Morrison named a beneficiary under the Policies. At the time of his death, Mr. Morrison did not have a surviving spouse. Accordingly, by the plain language of the Policies, the benefits must be paid to the Mr. Morrison's surviving child—Ms. Freeman. Thus, as the movant, Ms. Freeman is entitled to judgment in her favor.

### III. CONCLUSION

For the reasons set forth above, Defendant Shana Seufer's Motion for Judgment and Dismissal (ECF No. 59) is **DENIED.** Defendant Amy K. Freeman's Motion for Summary Judgment (ECF No. 68) is **GRANTED**.

The Clerk is hereby **DIRECTED** to enter judgment in favor of Amy K. Freeman. The principal balance of $81,250.00 and all accrued interest will be paid to Ms. Freeman. Ms. Freeman shall deliver a completed W-9 form to the Finance Department of the Clerk's Office. After the W-9 is received, the payment will be disbursed by the U.S. Treasury to the address reflected on the W-9. Finally, once Ms. Freeman receive the funds, she is **ORDERED** to file a notice alerting the Court of that receipt, and the Court will direct the Clerk to terminate this case from its docket.

**IT IS SO ORDERED.**

s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**